IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL JOSE NEVAREZ,

    Plaintiff,

v.                                            No. 1:23-cv-00324-LF

STATE OF NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

    Plaintiff, who is proceeding *pro se*, was charged with "Breaking & Entering, Shoplifting $250 or Less, Criminal Damage Under $1000, Concealing Identity" on April 2, 2023. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 7, Doc. 1, filed April 14, 2023.

    As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

    It appears the Court should dismiss this case because Complaint does not show that Court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Plaintiff asserts a claim against the State of New Mexico using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." "With certain limited exceptions, the Eleventh Amendment prohibits a citizen

from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, the Complaint does not contain factual allegations showing that the State of New Mexico waived its Eleventh Amendment immunity in this case.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. If Plaintiff asserts that the Court has jurisdiction over this case, Plaintiff must file an amended complaint alleging facts that support the Court's jurisdiction over this case.

IT IS ORDERED that Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case and file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
Laura Fashing
UNITED STATES MAGISTRATE JUDGE