IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIEL JOSE NEVAREZ,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　No. 1:23-cv-00324-JCH-LF

STATE OF NEW MEXICO,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 1, filed April 14, 2023 ("Complaint"). Plaintiff was charged with "Breaking & Entering, Shoplifting $250 or Less, Criminal Damage Under $1000, Concealing Identity" on April 2, 2023. Complaint at 7, Doc. 1. The State of New Mexico is the only defendant named in the Complaint. *See* Complaint at 1-2. Many of Plaintiff's statements in the Complaint are incoherent and Plaintiff did not write a response where the form Complaint prompts plaintiffs to describe the relief they are requesting. *See* Complaint at 5.

United States Magistrate Judge Laura Fashing notified Plaintiff that:

> It appears the Court should dismiss this case because Complaint does not show that Court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Plaintiff asserts a claim against the State of New Mexico using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)).

> Second, the Complaint does not contain factual allegations showing that the State of New Mexico waived its Eleventh Amendment immunity in this case.

Order to Show Cause at 1-2, Doc. 5, filed April 18, 2023.  Judge Fashing ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint alleging facts that support the Court's jurisdiction.  *See* Order to Show Cause at 2 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case).  Plaintiff did not file a response to Judge Fashing's Order to Show Cause or file an amended complaint by the May 9, 2023, deadline.

The Court concludes it does not have jurisdiction over this case because the Complaint does not contain allegations to support federal question jurisdiction, Plaintiff did not file a response to Judge Fashing's Order to Show Cause, and Plaintiff did not file an amended complaint alleging facts that support the Court's jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).  Because it is dismissing this case for lack of jurisdiction, the Court denies Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 14, 2023, as moot.

**IT IS ORDERED** that:

(i)   This case is **DISMISSED without prejudice.**

(ii)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 14, 2023, is **DENIED as moot.**

_____
SENIOR UNITED STATES DISTRICT JUDGE